# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **CYNTHIA CARR, et al.,** | CASE NO. 3:20 CV 1582 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ARROWHEAD MHC, LLC, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

On July 17, 2020, Plaintiffs Cynthia Carr and Heather Pogan ("Plaintiffs") brought this action against Arrowhead MHC, LLC ("Arrowhead"), FTI Property Management, Inc., MHC Affordable Homes, Inc., and MHC Financial Services, Inc. ("Defendants"), alleging Defendants failed to comply with their statutory obligations in operating a public water system under the Safe Drinking Water Act ("SDWA"), 42 U.S.C. §§ 300f *et seq*. (Doc. 1). Pending before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 8), which Plaintiffs opposed (Doc. 10), to which Defendants filed a reply (Doc. 11). The Court has jurisdiction over cases arising under SDWA pursuant to 28 U.S.C. § 1331.

For the reasons discussed herein, Defendants' Motion to Dismiss (Doc. 8) is DENIED.

### BACKGROUND

Plaintiffs resided within Arrowhead Lake Mobile Home Park located at 2170 South Berkey Southern Road in Swanton, Ohio. (Doc. 1, at ¶14); *see also* Doc. 9, at ¶4 ("Granderson Affidavit"). Water was provided to Plaintiffs as part of their lot leases through a "public water system" located

1

on the property. (Doc. 1, at ¶¶14, 27-29). This water system fed from a ground water system and serviced approximately 460 people per day. *Id*. at ¶¶29-30.

From approximately July 2015 through February 2020, Plaintiffs allege Defendants failed to properly maintain the public water system resulting in the water failing to meet basic hardness, radionuclide, and chlorination standards. *Id.* at ¶¶41-64.

On May 12, 2020, Plaintiffs sent notice to Defendants, the Administrator of the United States Environmental Protection Agency ("EPA"), the Regional Administrator of the EPA, and the Administrator of the Ohio EPA, of their intent to bring suit against Defendants for violating the SDWA and Ohio's safe drinking water laws. *Id.* at ¶9. A short time later, the Ohio EPA brought an enforcement action in the Lucas County Court of Common Pleas. *Id*. at ¶12.

On July 10, 2020, Defendants and the State of Ohio entered into a consent decree "For Injunctive Relief and Civil Penalties". *See* Doc. 10-1 (consent order). Therein, Defendants agreed to conduct the following actions and comply with the following conditions:

a. Defendants shall obtain the services of a Leak Detection Consultant to evaluate Arrowhead Lake MHP's distribution system for leaks.

b. Not later than October 1, 2020, Defendants shall submit to Ohio EPA for review and approval a final leak detection report documenting leaks identified in the distribution system, leaks repaired during the evaluation period, and proposing a schedule for Ohio EPA approval, which includes milestones for leak repairs and waterline replacements within the distribution system to address any and all leaks not repaired at the time of the evaluation.

c. Not later than November 1, 2021, Defendants shall repair or install a new reinforced concrete reaction storage tank in accordance with approved plans.

d. Not later than November 1, 2021, Defendants shall install new well rotation equipment capable of functioning as intended and submit a well rotation schedule for Ohio EPA approval.

e. Not later than October 1, 2020, in accordance with the Director's Plan Approval of July 19, 2019, #NW1288829-WS, Defendants shall install and submit to Ohio EPA, documentation that the flow meter on the backwash supply line has

    been installed and that the minimum backwash rate of 12gpm/ft$^2$ is being met. If the backwash rate is insufficient, Defendants shall evaluate the design and correct any identified issues hindering the backwash rate.

  f. Not later than October 1, 2020, Defendants shall expose the valve and submit documentation that the valve has been exercised and necessary repairs have been made.

  g. Not later than October 1, 2020, Defendants shall securely mount the concrete vault's lid and submit documentation that the lid is secured.

  h. Not later than October 1, 2020, Defendants shall install a permanent, downturned, overflow piped vent on the storage tower's overflow pipe.

  i. Not later than October 1, 2020, Defendants shall install a telemetry system that meets the requirements of the December 19, 1988 Director's Plan Approval.

  j. Not later than July 10, 2021, Defendants shall retain a licensed electrician to evaluate, assess and address deficiencies that would cause electrical service disruptions to the drinking water system.

(Doc. 10-1, at ¶14). The order also required Defendants pay a $25,000 civil penalty for the violations. *Id*. at ¶15. Further, if Defendants completed a "supplemental environmental project" – installation of an emergency backup generator – no later than July 10, 2021, the State would reduce the penalty by $20,000. *Id*. at ¶19. If Defendants failed to complete the above-listed projects, the order also dictated stipulated penalties. *See id*. at ¶¶20-22. Compliance with the terms of the consent order constituted "full satisfaction and a complete release and/or discharge of any civil liability by [Arrowhead] to [the State of Ohio] for the claims alleged in [the] Complaint." *Id*. at ¶7.

    As of September 28, 2020, Defendants asserted they were "fully in compliance with the terms of the Consent Order." (Granderson Affidavit, at ¶13). Plaintiffs allege Defendants' violations are "ongoing"[1]. (Doc. 1, at ¶2).

---

1. The last violation Plaintiffs allege in their Complaint occurred on April 7, 2020. *See* Doc. 1, at ¶65.

## STANDARD OF REVIEW

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted). Federal Rule of Civil Procedure 12(b)(1) requires dismissal where a court lacks subject matter jurisdiction. Challenges to a court's subject matter jurisdiction by way of a motion to dismiss fall into two categories: facial attacks and factual attacks. "A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (emphasis in original). A factual attack challenges the factual existence of subject matter jurisdiction. *Id*. "[N]o presumptive truthfulness applies to the factual allegations". *Id*. (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A factual attack . . . raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist.'" *Wayside Church v. Van Buren Cty*., 847 F.3d 812, 817 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co*., 491 F.3d 320, 330 (6th Cir. 2007)).

The parties agree Defendants present a factual attack to the Court here. (Doc. 8, at 7-8); (Doc. 10, at 10).

## DISCUSSION

Defendants move to dismiss the Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) alleging a lack of subject matter jurisdiction. (Doc. 8). Specifically, Defendants argue the suit is barred by the SDWA because the same issues raised to this Court were already

"diligently prosecuted" by the State of Ohio in state court under the terms of the consent decree. *Id.* at 9-16; *see also* Doc. 11. Plaintiffs disagree. *See* Doc. 10.

To begin, under the citizen suit provision of the SDWA, "any person may commence a civil action on his own behalf" against "any person *** who is alleged to be in violation of any requirement" of the SDWA. 42 U.S.C. § 300j-8(a)(1). Relevant to the parties' dispute here is the following provision of the SDWA:

**(b) Conditions for commencement of civil action; notice**

No civil action may be commenced—

**(1)** under subsection (a)(1) of this section respecting violation of a requirement prescribed by or under this subchapter—

**\*\*\***

**(B)** if the Administrator, the Attorney General, or *the State has commenced and is diligently prosecuting a civil action in a court of the United States* to require compliance with such requirement, but in any such action in a court of the United States any person may intervene as a matter of right ***

42 U.S.C. § 300j-8(b)(1)(A)-(B) (emphasis added).

Central to the parties' dispute is whether the consent decree entered into by Defendants and the State of Ohio constituted a "diligent prosecution in a court of the United States". If it did, as Defendants argue, the case must be dismissed. Defendants contend that, because the State of Ohio diligently prosecuted the matter, any citizen suit is barred pursuant to the above-quoted provision. (Doc. 8, at 8-11). Plaintiffs disagree, arguing: (1) the Lucas County Court of Common Pleas where the State of Ohio filed suit is not a "court of the United States" as contemplated under the SDWA; and (2) even if the Court finds that it is such a court, the matter was not "diligently prosecuted". (Doc. 10, at 10-15).

5

The starting point for statutory interpretation is always the text. "Unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *BP America Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006). "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury,* 489 U.S. 803, 809 (1989). The threshold issue in this dispute is whether the Lucas County Court of Common Pleas is a "court of the United States" as contemplated under the SDWA. If not, the Court need not examine whether the matter was "diligently prosecuted" – as written, it is clear, by a plain reading, *both* parts of this clause need be satisfied to bar the present suit. 42 U.S.C. § 300j-8(b)(1)(B) (" . . . the State has commenced and is diligently prosecuting a civil action in a court of the United States.").

The term "court of the United States" is not clearly defined within the SDWA, however, it is defined elsewhere within the United States Code to include only federal courts. *See, e.g.*, 18 U.S.C. § 6001(4) (in criminal statutes, a "court of the United States" is defined to exclusively include federal courts); 29 U.S.C. § 113(d) (in labor statutes, "[t]he term 'court of the United States' means any court of the United States whose jurisdiction has been or may be conferred or defined or limited by Act of Congress, including the courts of the District of Columbia"). More persuasively, the phrase is clearly defined within the citizen suit provisions of other environmental statutes. In these, enforcement suits diligently prosecuted in state courts are expressly included in those actions barring citizen suits. For example, the Clean Water Act bars subsequent actions if a case has already been brought in a "court of the United States" *or* a state court. 33 U.S.C. § 1365(b)(1)(B) ("No action may be commenced - *** if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, *or a State* to require compliance with the standard, limitation, or order, but in any such action in a court of the

6

United States any citizen may intervene as a matter of right.") (emphasis added). The Clean Air Act has an identical provision. *See* 42 U.S.C. § 7604(b)(1)(B). The Resource Conservation and Recovery Act ("RCRA"), which covers solid and hazardous waste disposal, similarly recognizes state courts. 42 U.S.C. § 6972(b)(1)(B) ("No action may be commenced *** if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States *or a State* to require compliance with such permit, standard, regulation, condition, requirement, prohibition, or order.") (emphasis added). Defendants acknowledge the provision in the SDWA "differs slightly" from these analogous citizen suit provisions. (Doc. 8, at 10). Here, however, that two-to-three word difference is critical to interpreting the statute. Taken together, and looking to the "overall statutory scheme", *Davis*, 489 U.S. at 809, the language in these statutes offers two points of clarity: (1) a "court of the United States" does not include state courts; and (2) if Congress intended state court enforcement actions to bar citizen suits, it would have included them as it did in other (nearly identical) provisions.

In support of their position, Defendants rely heavily on a Fourth Circuit case, *Piney Run Preservation Association v. County Commissioners of Carroll County, Maryland*, 523 F.3d 453, 457 (4th Cir. 2008), arguing it is analogous to the present case. (Doc. 8, at 11-13). But *Piney Run*, while presenting a remarkably similar factual pattern, was governed by a different statute with different language. *Piney Run*, 523 F.3d at 456-61. In relying on *Piney Run*, Defendants overlook a simple, but important, distinction – as explained above, the Clean Water Act, at issue in *Piney Run*, *expressly* bars citizen suits where a state has diligently prosecuted in a court of the United States *or a state court*; the SDWA does not include such language. *Compare* 33 U.S.C. § 1365(b)(1)(B) ("No action may be commenced *** if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, *or a State* to

require compliance with the standard, limitation, or order[.]") (emphasis added); *with* 42 U.S.C. § 300j-8(b)(1)(B) ("No civil action may be commenced *** if the Administrator, the Attorney General, or the State has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with such requirement[.]"). For this reason, other cases cited by Defendants which rely on the same provision of the Clean Water Act are equally unpersuasive. (Doc. 8, at 10-11) (citing cases).

Defendants' reliance on legislative history is also unpersuasive. The SDWA was amended in 1996. Defendants cite a June 24, 1996 House Report from the House Committee on Commerce which states, *inter alia*: "This section amends section 1449 to indicate that pending State, as well as Federal, court actions to require compliance may serve as a bar to civil actions." (Doc. 8, at 10-11) (citing H.R. REP. NO. 104-632, at 48 § 306 (1996)). However, as Plaintiffs point out, reliance on such actually hinders Defendants' position because Congress ultimately chose *not* to adopt this language after considering it in Committee during the 1996 amendment process. The cited House Report included an amendment to 42 U.S.C. § 300j-8(b)(1)(B), which read: "a civil action in a court of the United States, *or a State*". H.R. REP. NO. 104-632, at 113 (emphasis added). But Congress ultimately chose not to include this language. *Compare* 42 U.S.C. § 300j-8(b)(1)(B) (the current enacted version – effective August 6, 1996 – which reads: "No civil action may be commenced *** if the Administrator, the Attorney General, or the State has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with such requirement[.]"); *with* 42 U.S.C. § 300j-8(b)(1)(B) (the pre-1996 amendment version – effective to August 5, 1996 – which reads, identically: "No civil action may be commenced *** if the Administrator, the Attorney General, or the State has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with such requirement[.]")). In

comparing these versions, Congress's intentions are made clear, and Plaintiffs' position is strengthened – Congress actually considered allowing state court litigation to bar citizen suits under the SDWA and chose not to.

Based on the foregoing, the Court holds a "court of the United States" as that term is used in 42 U.S.C. § 300j-8(b)(1)(B) means exclusively federal courts. Because the SDWA bars citizen suits only where the prior action was prosecuted in a court of the United States, the Court need not reach the "diligent prosecution" arguments made by both parties. In other words, the adequacy (or inadequacy) of the consent order itself is immaterial at this juncture. The statute only bars a citizen suit if such action is "diligent[ly] prosecut[ed] in a court of the United States". 42 U.S.C. § 300j-8(b)(1)(B). Both conditions need to be met in order to bar the present suit, one is absent here. For these reasons, Defendants' Motion to Dismiss (Doc. 8) is denied.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 8) be, and the same hereby is, DENIED.

                s/ *James R. Knepp II*
                UNITED STATES DISTRICT JUDGE